## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

|  |  |
|---|---|
| HEADWATER RESEARCH LLC, | |
| *Plaintiff,* | Case No. 7:25-cv-00367-DC-DTG |
| v. | |
| GOOGLE LLC, | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

## GOOGLE'S RESPONSE TO HEADWATER'S "NOTICE OF SUPPLEMENTAL FACTS" REGARDING ITS OPPOSITION TO GOOGLE'S MOTION TO TRANSFER

Although Google would prefer to avoid wasting the Court's time and resources on a transfer motion that has already been fully briefed for months, Google respectfully submits this Response to yet another unauthorized brief filed by Headwater (disguised as a "notice") in order to correct the various mischaracterizations found therein.

Contrary to Headwater's contention, no material facts have changed since this Court granted Google's substantively identical transfer motion in *Headwater Research LLC v. Google LLC*, Case No. 7:25-cv-00231-DC-DTG (W.D. Tex.) ("FCM I") on February 18, 2026. FCM I, Dkt. 83 ("Order Granting Transfer"). Every basis for transfer this Court identified remains unchanged: the majority of willing and non-party witnesses are still in NDCA, evidence is still in NDCA and not WDTX, and NDCA retains a significant local interest given that the claimed invention was conceived there. *See* Order Granting Transfer. Headwater has repeatedly represented to Google and this Court that the transfer motion in this case should have the same outcome as the FCM I Order Granting Transfer—even as recently as in its March 18, 2026 email to the Court reiterating that "[t]he transfer motions in [FCM I] and [this] action ***certainly*** 'rise and

1

fall together' **on the merits**."[1] It cannot now argue that the Court should reach a different result.

### A. The Voluntary Dismissal of a Separate DJ Action Is Irrelevant and Immaterial to Transfer of This Case

Headwater's contention that "facts have materially changed" after Google dismissed the DJ Action is disingenuous. Dkt. 72 at 2. Indeed, Headwater itself argued that "[t]he Court should *ignore* Google's later-filed cases in the NDCA." *See* Dkt. 40 at 19; FCM I, Dkt. 55 at 19 (emphasis added). Google has always maintained the position that co-pending cases post-dating this action— including the eight others Headwater filed in this District to manufacture convenience (Dkt. 40 at 18)—were irrelevant. *See* Dkt. 45 at 9-10; FCM I, Dkt. 76 at 2. Google's only reference to the DJ Action (in a singular footnote) plainly conditioned its relevance on "the Court find[ing] later-filed cases relevant" (Dkt. 12-2 at 17 n.13), but nothing in the Court's Order Granting Transfer suggests that it gave any weight to either Headwater's or Google's later-filed cases. *See generally* Order Granting Transfer. Nor should it do so now.

### B. There Is Nothing Improper About Google's "Conduct"

Headwater's contention that the Court should deny Google's transfer motion as some sort of punishment for Google's litigation in another forum finds no basis in law and should be disregarded. As an initial matter, whether an entirely different forum—NDCA—has personal jurisdiction over Google's proposed counterclaims in a case pending before that court is entirely

---

[1] 3/18/2026 Email from Peter Tong to Judge Gilliland's Chambers (emphasis added). Headwater agreed from the beginning that the two transfer motions are "substantially similar," "can be responded to with identical briefing," and thus should "rise and fall together." *See* Dkts. 23, 23-1, 33, 40 at n.1; FCM I, Dkts. 51, 51-1, 53, 55 at n.1. Headwater even agreed that cross-use of venue discovery for the two cases was appropriate (*see* Dkts. 23 & 23-1; FCM I, Dkts. 51 & 51-1) and never argued that additional or different witnesses and/or evidence was needed for this matter.

unrelated to the transfer motion here. That issue will be decided by the NDCA court regardless of, and independent from, whether this case is transferred to NDCA.

Moreover, Headwater's accusation (Dkt. 72 at 2) that Google is seeking to "evade" Judge Wise's docket entry noting her inclination to grant Headwater's motion is unfounded. As detailed in Google's Motion for Leave to Amend (the sealed version of which is attached hereto as Exhibit 1), Google discovered that Headwater made material misrepresentations about its lack of California contacts through venue discovery in other cases between the parties pending before this Court—information that would have successfully supported reconsideration of Judge Wise's inclination to dismiss. Headwater obstructed Google's ability to correct the record prior to Judge Wise's March 20 docket entry by refusing to allow disclosure of that information to undersigned counsel (who represents Google in the DJ Action) until this Court permitted it during the March 23, 2026 hearing. *See Headwater Rsch. LLC v. Google LLC*, No. 7:25-cv-00372-DC-DTG, Dkt. 52 (W.D. Tex. Mar. 23, 2026).[2] Given that ***FCM I*** had been transferred to NDCA at that point, rather than burden the NDCA court with additional briefing regarding the new facts, Google chose the more efficient path of refiling its declaratory judgment claims as counterclaims in FCM I.

There was nothing "improper," nefarious, or offensive to the "basic principles of jurisdiction" or this Court's authority about this procedural process.[3] Courts—including the deciding court in NDCA—have made clear that a party who takes the "voluntary act [of] demanding justice" in a forum has "submitted [itself] to the jurisdiction of th[at] court" and thus waives objections to personal jurisdiction "for *all purposes*[.]" *AbCellera Biologics Inc. v. Berkeley Lights, Inc.*, No. 5:20-CV-08624-LHK, 2021 WL 2719264, at *4 (N.D. Cal. July 1, 2021)

---

[2]  The proposed order regarding the same has been submitted to the Court.

[3]  And in any event, the proper court to adjudicate the propriety of Google's approach would be the NDCA in the actual action to which Google seeks to add the counterclaims.

(quoting *Adam v. Saenger*, 303 U.S. 59, 67-68 (1938)). As explained further in Google's Motion for Leave to Amend, NDCA has expressly permitted a party to add claims previously dismissed for lack of personal jurisdiction as counterclaims after another case was transferred to that venue. *See, e.g.*, *id.* at \*4 (granting leave for the defendant to add counterclaims identical to claims previously dismissed in the same district for lack of personal jurisdiction); *Competitive Techs. v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1125, 1140-41 (N.D. Cal. 2003) (rejecting argument against personal jurisdiction over counterclaims for declaratory judgment of noninfringement and invalidity that were identical to claims the defendant voluntarily dismissed on the same day after contested transfer). And at all times, Google has been entirely transparent with both Judge Wise and Judge Martinez-Olguin regarding its approach.

### C. Headwater's Previously Rejected "Practical Problems" Argument Is Even Less Meritorious Given Subsequent Developments

Headwater's argument that the Court should deny transfer because it "will result in random assignments to different judges" and "may lead to inconsistent rulings" (Dkt. 72 at 3) was already rejected by this Court[4]—and subsequent developments render it even weaker. FCM I will proceed before Judge Martinez-Olguin in NDCA regardless of whether any other cases are transferred. Keeping this action in WDTX would actually guarantee that two cases undisputedly involving the same witnesses, the same evidence, and related patents (that Headwater has previously tried together in one action) would be split across at least two courts and judges. The concern about judicial consistency can be easily addressed by Headwater agreeing to relate and/or consolidate this case (and the others) with FCM I under Judge Martinez-Olguin once transferred. *See* Dkt. 70;

---

[4] *See* Dkt. 63; FCM I, Dkt. 73 (Notice of Supplemental Rulings In Opposition to Google's Motion to Transfer); Order Granting Transfer. There are now 8 pending cases between Headwater and Google in this District—not 9—since FCM I was transferred to NDCA. Google has also filed motions to transfer all of those actions to NDCA.

FCM I, Dkt. 81. In fact, by combining its DJ claims with FCM I through proper procedure, Google did precisely what Headwater claims to want—***avoid*** inconsistent rulings by placing related claims before the same judge. In contrast, Headwater's request to transfer the DJ Action to a third court (the Eastern District of Texas) and its apparent unwillingness to consolidate this matter with FCM I[5] suggest its supposed concerns regarding "inconsistent rulings" are merely pretextual.

*       *       *

The facts raised in Headwater's "Notice" are simply immaterial to and do not affect the transfer calculus. The Court should thus grant Google's Motion to Transfer (Dkt. 12-2) consistent with the Court's Order Granting Transfer in FCM I.

---

[5] 3/18/2026 Email from Peter Tong to Judge Gilliland's Chambers ("Headwater does not join in an email rushing the Court to hurry up and write an opinion to rule on a pending motion in the -367 case just because ***Google*** wants to file a motion to consolidate sooner in the NDCA.").

DATED:  April 7, 2026      QUINN EMANUEL URQUHART & SULLIVAN, LLP

BY:     */s/ Lance L. Yang*
David A. Nelson
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
191 North Wacker Drive, Suite 2700
Chicago, IL 60606
Tel:  (312) 705-7400
davenelson@quinnemanuel.com

Lance L. Yang (*pro hac vice*)
Patrick T. Schmidt (*pro hac vice*)
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017
Tel:  (213) 443-3000
lanceyang@quinnemanuel.com
patrickschmidt@quinnemanuel.com

Jocelyn Ma (*pro hac vice*)
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel:  (415) 875-6600
jocelynma@quinnemanuel.com

Brady Huynh (*pro hac vice*)
Austin Buscher (*pro hac vice*)
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Tel:  (650) 801-5000
bradyhuynh@quinnemanuel.com
austinbuscher@quinnemanuel.com

Caroline M. Vermillion (*pro hac vice*)
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016
Tel:  (212) 849-7000
carolinevermillion@quinnemanuel.com

Nathaniel St. Clair, II
Texas State Bar No. 24071564
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel:  (214) 953-5948
Tax: (214) 953-5822
nstclair@jw.com

*Counsel for Defendant Google LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, the undersigned hereby certifies that, on April 7, 2026, all counsel of record who have appeared in this case were served with a copy of the foregoing document via the Court's CM/ECF system.

/s/ Lance L. Yang
Lance L. Yang